CHICAGO—FIRST DISTRICT—JUNE, 1915.    319

Thomas v. Harder's Fireproof Storage & Van Co., 194 Ill. App. 319.

## M. M. Thomas, Defendant in Error, v. Harder's Fireproof Storage & Van Company, Plaintiff in Error.

### Gen. No. 20,394.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

Action by Marie M. Thomas against Harder's Fireproof Storage & Van Company for the value of an auto truck stored in defendant's warehouse. From a judgment for plaintiff, defendant appeals.

The truck originally belonged to one Theodore W. Jones, and was sold by him to the plaintiff. Jones afterwards married the plaintiff, and they went to Kansas to live. Just prior to their leaving Illinois, in December, 1907, the truck was stored with the defendant, who issued its warehouse receipt for the same, in the name of M. M. Thomas, although the actual delivery of the truck to the defendant was made by Jones. Jones and his wife were divorced (or the marriage between them annulled) in 1908. Defendant sent monthly statements of the storage charges to M. M. Thomas at Topeka, Kansas, for about a year; and during that year, Jones wrote the defendant several letters, requesting and purporting to authorize the defendant to sell the truck. On December 16, 1908, the defendant wrote to Jones saying: "We have at last succeeded in closing deal for your automobile truck on the lines previously written you, viz., to net you $400," and requested him to "please send in the warehouse receipt which was outstanding in the name of M. M. Thomas" and a bill of sale "made out to us or the International Automobile Co."; and in answer to this letter, Jones wrote from Denver, Colorado, that the warehouse re-

ceipt was at a certain street number in Topeka, Kansas (which was the plaintiff's address, as shown by defendant's bill to her for storage charges); that this house was closed because of his absence and because of the absence of M. M. Thomas, who was in Baltimore, Md., at the bedside of a sick sister, and suggested that defendant go on and make the sale just as if the car was his own property, and promised that on his return to Topeka, the warehouse receipt would be mailed to him. On January 5, 1909, defendant wrote to Jones that it was "holding check for $400," which it would forward upon receiving the warehouse receipt for cancellation, "as we do not care to deliver said truck without cancellation of this receipt." The warehouse receipt was never delivered by Jones. During 1909, and part of 1910, defendant used the truck as its own property, and it was finally "burned up" in a fire in defendant's machine shop occurring some time in 1910. In November, 1911, defendant paid $400 to Jones for the truck and received from him a bill of sale, and an affidavit that he was the owner of the truck. Defendant knew the plaintiff, who had previously stored some of her furniture in its warehouse, and in 1912, she presented the warehouse receipt and made a demand upon the defendant for the truck, and when it was not forthcoming, brought this suit to recover its value.

The defendant took the position that if Jones was not the real owner of that truck, he was at least the agent of the plaintiff, who had actual possession of the truck and the "apparent power of disposition," and that in buying the truck from him, the defendant was in the position of an innocent party who was misled through the fault of the plaintiff.

ROBERT W. DUNN, for plaintiff in error.

T. WEBSTER BROWN, for defendant in error; EDWARD H. MORRIS, of counsel.

Thomas v. Harder's Fireproof Storage & Van Co., 194 Ill. App. 319.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. WAREHOUSEMEN, § 8*—*when estopped to deny ownership.* One who issues a warehouse receipt to a married woman with whom he is well acquainted and to whom he sends monthly bills for storage charges to another city, where she was then residing, for a period of one year is estopped from asserting that such person was not the owner, although the husband of such person who had been divorced or had had the marriage annulled had repeatedly written the owner of the warehouse that he had authority to sell and urged the sale of the property, but was unable to produce the warehouse receipt even after the lapse of three years, because of the alleged absence of his wife.

2. WAREHOUSEMEN, § 8*—*when not an innocent purchaser.* A warehouseman, with whom property has been stored for a period of three years by a woman who was married at the time, the parties being shortly after divorced, or the marriage annulled, is not an innocent purchaser, for value where he sends monthly storage bills to such woman, with whom he was well acquainted, for a period of one year to her residence in another State, although he is urged by the husband to sell the property, and he knew for a period of three years that the husband could not produce the warehouse receipt and that it was in the hands of the wife, and he had refused for two years of such period to pay over the money to the husband because the receipt was in the hands of the wife, and finally paid for the property upon receiving a bill of sale from the husband and an affidavit that he was the owner of the property.

3. APPEAL AND ERROR, § 1003*—*when sufficiency of evidence not considered.* The question as to whether a verdict and judgment are against the weight of evidence cannot be considered where the transcript of the record does not contain all the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCIV 21.